1

2

Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

3

_____ JUNE 25 ____ 20 25
Ravi Subramanian, Clerk

4

By_____ Deputy

5

6

7

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

UNITED STATES OF AMERICA,

NO.   **CR 25-5166 DGE**

11

Plaintiff,

**INDICTMENT**

12

13

v.

14

1. ROSARIO ABEL "JOAQUIN"
   CAMARGO BANUELOS,

15

2. FRANCISCO "FERNANDO" CAMARGO
   BANUELOS,

16

17

3. JOSE RUBEN MEJIA ORTIZ,
4. JUAN CARLOS GARCIA OLAIS,

18

5. JORGE BONEO NIEBLAS,

19

6. IVAN GARCIA CAMACHO,
7. EDER RAMIREZ PINO,

20

8. ROSENDO VAZQUEZ MEDRANO,

21

9. ALDO MIGUEL MONTES,
10. ISABEL VILLARREAL ZAPIEN,

22

11. KEVIN ALEXANDER MISACANGO
    SOLANO,

23

24

12. KARIM DAVIS,
13. TYLER JOHNSON,

25

14. ISRAEL DAVIS, and

26

15. ALEX PHAN,

27

Defendants.

Indictment - 1
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    The Grand Jury charges that:

2    ## **COUNT 1**

3    **(Conspiracy to Distribute Controlled Substances)**

4    Beginning at a time unknown, and continuing until at least June 25, 2025, in

5    Pierce, King, Snohomish, and Lewis Counties, within the Western District of

6    Washington, and elsewhere, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS,

7    FRANCISCO "FERNANDO" CAMARGO BANUELOS, JOSE RUBEN MEJIA

8    ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO NIEBLAS, IVAN

9    GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO VAZQUEZ MEDRANO,

10   ALDO MIGUEL MONTES, ISABEL VILLARREAL ZAPIEN, KEVIN ALEXANDER

11   MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON, ISRAEL DAVIS, and

12   ALEX PHAN, and others known and unknown, did knowingly and intentionally conspire

13   to distribute controlled substances, including: methamphetamine, N-phenyl-N-[1-(2-

14   phenylethyl)-4-piperidinyl] propanamide (fentanyl), heroin, and cocaine, substances

15   controlled under Title 21, United States Code.

16   The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

17   CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

18   JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO

19   NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO

20   VAZQUEZ MEDRANO, ALDO MIGUEL MONTES, ISABEL VILLARREAL

21   ZAPIEN, KEVIN ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER

22   JOHNSON, ISRAEL DAVIS, and ALEX PHAN, their conduct as members of the

23   conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of

24   other members of the conspiracy charged in Count 1, involved 50 grams or more of

25   methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

26   mixture or substance containing a detectable amount of methamphetamine, in violation of

27   Title 21, United States Code, Section 841(b)(1)(A).

Indictment - 2
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

2  CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

3  JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO

4  NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO

5  VAZQUEZ MEDRANO, ALDO MIGUEL MONTES, ISABEL VILLARREAL

6  ZAPIEN, KEVIN ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER

7  JOHNSON, ISRAEL DAVIS, and ALEX PHAN, their conduct as members of the

8  conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of

9  other members of the conspiracy charged in Count 1, involved 400 grams or more of a

10  mixture and substance containing a detectable amount of fentanyl, in violation of Title

11  21, United States Code, Section 841(b)(1)(A).

12     The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

13  CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

14  JOSE RUBEN MEJIA ORTIZ, JORGE BONEO NIEBLAS, and ISABEL

15  VILLARREAL ZAPIEN, their conduct as members of the conspiracy charged in Count

16  1, which includes the reasonably foreseeable conduct of other members of the conspiracy

17  charged in Count 1, involved 1,000 grams or more of a mixture or substance containing a

18  detectable amount of heroin, in violation of Title 21, United States Code, Section

19  841(b)(1)(A).

20     The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

21  CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

22  JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO

23  NIEBLAS, ROSENDO VAZQUEZ MEDRANO, and KARIM DAVIS, their conduct as

24  members of the conspiracy charged in Count 1, which includes the reasonably

25  foreseeable conduct of other members of the conspiracy charged in Count 1, involved

26  5,000 grams or more of a mixture or substance containing a detectable amount of

27  //

Indictment - 3
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title

2  21, United States Code, Section 841(b)(1)(A).

3      All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

4  841(b)(1)(C), and 846.

5                              **COUNT 2**

6                **(Possession of a Controlled Substance with Intent to Distribute)**

7      On or about March 8, 2023, in King County, within the Western District of

8  Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS did knowingly

9  and intentionally possess, with the intent to distribute, a controlled substance, including:

10  methamphetamine, fentanyl, cocaine, and heroin, substances controlled under Title 21,

11  United States Code.

12      The Grand Jury further alleges that the offense involved 50 grams or more of

13  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

14  mixture or substance containing a detectable amount of methamphetamine, its salts,

15  isomers, or salts of its isomers.

16      The Grand Jury further alleges that the office involved 400 grams or more of a

17  mixture or substance containing a detectable amount of fentanyl.

18      The Grand Jury further alleges that the office involved 500 grams or more of a

19  mixture or substance containing a detectable amount of cocaine, its salts, optical and

20  geometric isomers, and salts of its isomers.

21      The Grand Jury further alleges that this offense involved 100 grams or more of a

22  mixture or substance containing a detectable amount of heroin.

23      The Grand Jury further alleges that this offense was committed during and in

24  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

25  Substances).

26      All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)

27  and (B).

Indictment - 4
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 3

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 8, 2023, in King County, within the Western District of Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS knowingly possessed a firearm, that is: a Sig Sauer 9mm pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 2 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

### (Unlawful Possession of a Firearm)

On or about March 8, 2023, in King County, within the Western District of Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Sig Sauer 9mm pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

## COUNT 5

### (Distribution of a Controlled Substance)

On or about October 17, 2023, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

Indictment - 5
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 6

### (Distribution of a Controlled Substance)

On or about October 26, 2023, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 7

### (Distribution of a Controlled Substance)

On or about October 27, 2023, in King County, within the Western District of Washington, ISABEL VILLARREAL ZAPIEN, did knowingly and intentionally

Indictment - 6
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

distribute controlled substances, including: methamphetamine and fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 8

### (Possession of a Controlled Substance with Intent to Distribute)

On or about December 11, 2023, in Lewis County, within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JOSE RUBEN MEJIA ORTIZ did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: methamphetamine and cocaine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

//

//

Indictment - 7
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that the office involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B), and Title 18, United States Code, Section 2.

## COUNT 9

### (Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about December 11, 2023, in Lewis County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ knowingly carried a firearm, that is: a Glock 27 .40 caliber pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 10

### (Distribution of a Controlled Substance)

On or about January 9, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ did knowingly and intentionally distribute a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

//

Indictment - 8
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 11

### (Distribution of a Controlled Substance)

On or about January 28, 2024, in Thurston County, within the Western District of Washington, ISABEL VILLARREAL ZAPIEN did knowingly and intentionally distribute a controlled substance, including: methamphetamine, fentanyl, and heroin, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B).

//

//

Indictment - 9
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 12

**(Possession of a Controlled Substance with Intent to Distribute)**

On or about January 28, 2024, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, fentanyl, and heroin, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B).

## COUNT 13

**(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)**

On or about January 28, 2024, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ knowingly carried a firearm, that is: a Smith & Wesson 9mm pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 12 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Indictment - 10
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 14

### (Distribution of a Controlled Substance)

On or about February 28, 2024, in Snohomish County within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and ALDO MIGUEL MONTES did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine and fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (B), and Title 18, United States Code, Section 2.

## COUNT 15

### (Distribution of a Controlled Substance)

On or about April 4, 2024, in Pierce County, within the Western District of Washington, IVAN GARCIA CAMACHO and EDER RAMIREZ PINO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

//

Indictment - 11
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 16

### (Possession of a Controlled Substance with Intent to Distribute)

On or about April 4, 2024, in Pierce County, within the Western District of Washington, IVAN GARCIA CAMACHO and EDER RAMIREZ PINO did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 17

### (Distribution of a Controlled Substance)

On or about May 7, 2024, in Snohomish County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did

Indictment - 12
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and

2  procure the distribution of, a controlled substance, including: heroin, a substance

3  controlled under Title 21, United States Code.

4  　　　The Grand Jury further alleges that this offense was committed during and in

5  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

6  Substances).

7  　　　All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C),

8  and Title 18, United States Code, Section 2.

9  ## COUNT 18

10  **(Possession of a Controlled Substance with Intent to Distribute - Vehicle)**

11  　　　On or about June 4, 2024, in King County, within the Western District of

12  Washington, TYLER JOHNSON did knowingly and intentionally possess, with the intent

13  to distribute, a controlled substance, including: methamphetamine and fentanyl,

14  substances controlled under Title 21, United States Code.

15  　　　The Grand Jury further alleges that the offense involved 50 grams or more of

16  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

17  mixture or substance containing a detectable amount of methamphetamine, its salts,

18  isomers, or salts of its isomers.

19  　　　The Grand Jury further alleges that this offense involved 400 grams or more of a

20  mixture or substance containing a detectable amount of fentanyl.

21  　　　The Grand Jury further alleges that this offense was committed during and in

22  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

23  Substances).

24  　　　All in violation of Title 21, United States Code, Sections 841(a)(1) and

25  841(b)(1)(A).

26  //

27  //

Indictment - 13
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 19

### (Possession of a Controlled Substance with Intent to Distribute - Residence)

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 20

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON knowingly possessed firearms, that is: a Springfield Armory XD5 9mm pistol, a CZ 75 9mm pistol, and a Beretta 12-gauge shotgun, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of Controlled Substances with Intent to Distribute, as alleged in Count 19 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 21

### (Unlawful Possession of a Firearm)

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON, knowing he had been convicted of the following

Indictment - 14
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  crimes punishable by a term of imprisonment exceeding one year: *Second Degree*

2  *Burglary*, in Snohomish County Superior Court, under case number 15-1-01843-9, on or

3  about February 23, 2017; did knowingly possess, in and affecting interstate and foreign

4  commerce, firearms, that is: a Springfield Armory XD5 9mm pistol, a CZ 75 9mm pistol,

5  and a Beretta 12-gauge shotgun that had been shipped and transported in interstate and

6  foreign commerce.

7      All in violation of Title 18, United States Code, Section 922(g)(1).

8  **COUNT 22**

9  **(Distribution of a Controlled Substance)**

10      On or about June 18, 2024, in Snohomish County, within the Western District of

11  Washington, JUAN CARLOS GARCIA OLAIS and ROSENDO VAZQUEZ

12  MEDRANO did knowingly and intentionally distribute, and aid, abet, counsel, command,

13  induce, and procure the distribution of, a controlled substance, including:

14  methamphetamine, a substance controlled under Title 21, United States Code.

15      The Grand Jury further alleges that the offense involved 50 grams or more of

16  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

17  mixture or substance containing a detectable amount of methamphetamine, its salts,

18  isomers, or salts of its isomers.

19      The Grand Jury further alleges that this offense was committed during and in

20  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

21  Substances).

22      All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

23  and Title 18, United States Code, Section 2.

24  **COUNT 23**

25  **(Distribution of a Controlled Substance)**

26      On or about June 20, 2024, in King County, within the Western District of

27  Washington, JOSE RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS did

Indictment - 15
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and

2  procure the distribution of, a controlled substance, including: methamphetamine, a

3  substance controlled under Title 21, United States Code.

4      The Grand Jury further alleges that this offense involved 400 grams or more of a

5  mixture or substance containing a detectable amount of fentanyl.

6      The Grand Jury further alleges that this offense was committed during and in

7  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

8  Substances).

9      All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

10  and Title 18, United States Code, Section 2.

11  ## COUNT 24

12  **(Possession of a Controlled Substance with Intent to Distribute)**

13      On or about July 7, 2024, in Snohomish County, within the Western District of

14  Washington, JUAN CARLOS GARCIA OLAIS did knowingly and intentionally possess,

15  with the intent to distribute, a controlled substance, including: methamphetamine,

16  fentanyl, and cocaine, substances controlled under Title 21, United States Code.

17      The Grand Jury further alleges that the offense involved 50 grams or more of

18  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

19  mixture or substance containing a detectable amount of methamphetamine, its salts,

20  isomers, or salts of its isomers.

21      The Grand Jury further alleges that this offense involved 40 grams or more of a

22  mixture or substance containing a detectable amount of fentanyl.

23      The Grand Jury further alleges that this offense was committed during and in

24  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

25  Substances).

26      All in violation of Title 21, United States Code, Sections 841(a)(1) and

27  841(b)(1)(A), (B), and (C).

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 25

### (Distribution of a Controlled Substance)

On or about July 19, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 26

### (Possession of a Controlled Substance with Intent to Distribute)

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

//

//

Indictment - 17
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 27

**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS knowingly possessed a firearm, that is: a Glock 27 .40 caliber pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of Controlled Substances with Intent to Distribute, as alleged in Count 26 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 28

**(Unlawful Possession of a Firearm)**

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

1.  *Second Degree Theft*, in Snohomish County Superior Court, under case number 05-1-00716-2, on or about July 12, 2005;

2.  *First Degree Malicious Mischief*, in Snohomish County Superior Court, under case number 04-1-02607-0, on or about July 12, 2005;

3.  *Second Degree Assault,* in Snohomish County Superior Court, under case number 95-1-01582-9, on or about April 12, 1996;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Glock 27 .40 caliber pistol.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 29

**(Possession of a Controlled Substance with Intent to Distribute - Vehicle)**

On or about September 14, 2024, in King County, within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 30

**(Possession of a Controlled Substance with Intent to Distribute - Residence)**

On or about September 14, 2024, in King County, within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl and methamphetamine, substances controlled under Title 21, United States Code.

//

Indictment - 19
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 31

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about September 14, 2024, in King County, within the Western District of Washington, JORGE BONEO NIEBLAS knowingly carried a firearm, that is: a polymer 9mm pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 29 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 32

### (Possession of a Controlled Substance with Intent to Distribute)

On or about October 30, 2024, in Snohomish County, within the Western District of Washington, ALEX PHAN did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: fentanyl and methamphetamine, substances controlled under Title 21, United States Code.

//

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 33

### (Distribution of a Controlled Substance)

On or about December 3, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 34

### (Distribution of a Controlled Substance)

On or about March 3, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did

Indictment - 21
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: heroin, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 35

### (Distribution of a Controlled Substance)

On or about March 28, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

//

//

//

Indictment - 22
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 36

### (Distribution of a Controlled Substance)

On or about April 10, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and KEVIN ALEXANDER MISACANGO SOLANO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 37

### (Conspiracy to Commit Money Laundering)

Beginning at a time unknown, and continuing until at least January 28, 2024, in Thurston County, within the Western District of Washington, and elsewhere, ISABEL VILLARREAL ZAPIEN did knowingly combine, conspire, and agree with other persons known and unknown to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

        a.     To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of, and conspiracy to distribute controlled substances in violation of Title 21, United State Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions

//

Indictment - 23
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  represented the proceeds of some form of unlawful activity, and knowing that the

2  transactions were designed in whole or in part:

3            (i)    to conceal and disguise the nature, the location, the source,

4  the ownership, and the control of the proceeds of the specified unlawful activity, in

5  violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

6            (ii)    to avoid a transaction reporting requirement under State or

7  Federal Law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

8         b.    To transport, transmit, and transfer, and attempt to transport,

9  transmit, and transfer, monetary instruments and funds involving the proceeds of

10  specified unlawful activity, that is, the distribution of, and conspiracy to distribute

11  controlled substances in violation of Title 21, United State Code, Sections 841(a)(1) and

12  846, from a place within the United States to or through a place outside the United States,

13  knowing that the funds involved in the transportation, transmission, and transfer

14  represented the proceeds of some form of unlawful activity and knowing that such

15  transportation, transmission, and transfer was designed in whole or in part:

16            (i)    to conceal and disguise the nature, the location, the source,

17  the ownership, and the control of the proceeds of the specified unlawful activity, in

18  violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

19            (ii)    to avoid a transaction reporting requirement under State or

20  Federal Law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

21      All in violation of Title 18, United States Code, Section 1956(h).

22  **FORFEITURE ALLEGATIONS**

23      The allegations contained in Counts 1–37 of this Indictment are hereby realleged

24  and incorporated by reference for the purpose of alleging forfeiture.

25      Upon conviction of the offense alleged in Count 1, ROSARIO ABEL

26  "JOAQUIN" CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO

27  BANUELOS, JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS,

Indictment - 24
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

JORGE BONEO NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO VAZQUEZ MEDRANO, ALDO MIGUEL MONTES, ISABEL VILLARREAL ZAPIEN, KEVIN ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON, ISRAEL DAVIS, and ALEX PHAN shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense. Such property includes, but is not limited to:

      a.    approximately $26,990.00 in United States currency seized from JOSE RUBEN MEJIA ORTIZ on or about December 11, 2023;

      b.    approximately $26,317.00 in United States currency seized from TYLER JOHNSON on or about June 4, 2024;

      c.    approximately $5,720.00 in United States currency seized from TYLER JOHNSON on or about June 4, 2024;

      d.    approximately $18,433.00 in United States currency seized from JUAN CARLOS GARCIA OLAIS on or about July 7, 2024;

      e.    the following firearms and ammunition seized from TYLER JOHNSON on or about June 4, 2024:

            i.    one Beretta S685 12-gauge shotgun;

            ii.    one CZ 75 9mm Pistol with magazine and 19 rounds of ammunition;

            iii.    one Ruger LCP .380 Caliber Pistol with magazine and 6 rounds of ammunition;

            iv.    one Taurus G2C 9mm Pistol with magazine and 12 rounds of ammunition; and

            v.    any associated accessories, magazines, and ammunition; and

      f.    one privately made 9mm handgun with magazine and 8 rounds of ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024.

Indictment - 25
*United States v. Camargo Banuelos. et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Upon conviction of the offense alleged in Count 2, FRANCISCO "FERNANDO" CAMARGO BANUELOS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 3 and 4, FRANCISCO "FERNANDO" CAMARGO BANUELOS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the offense.

Upon conviction of either offense alleged in Counts 5 and 6, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 7 and 11, ISABEL VILLARREAL ZAPIEN shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of the offense alleged in Count 8, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JOSE RUBEN MEJIA ORTIZ shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 10 and 12, JOSE RUBEN MEJIA ORTIZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 9 and 13, JOSE RUBEN MEJIA ORTIZ shall forfeit to the United States, pursuant to Title 18, United States Code,

Indictment - 26
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the offense.

Upon conviction of the offense alleged in Count 14, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and ALDO MIGUEL MONTES shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 15 and 16, IVAN GARCIA CAMACHO and EDER RAMIREZ PINO shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of any of the offenses alleged in Counts 17, 25, 34, and 35, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 18 and 19, TYLER JOHNSON shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense. Such property includes, but is not limited to:

a.    the following firearms and ammunition seized from TYLER JOHNSON on or about June 4, 2024:

    i.    one Beretta S685 12-gauge shotgun;

    ii.   one CZ 75 9mm pistol with magazine and 19 rounds of ammunition;

    iii.  one Ruger LCP .380 caliber pistol with magazine and 6

1   rounds of ammunition;

2       iv.    one Taurus G2C 9mm pistol with magazine and 12 rounds of

3       ammunition;

4       v.    and any associated accessories, magazines, and ammunition.

5   Upon conviction of either offense alleged in Counts 20 and 21, TYLER

6   JOHNSON shall forfeit to the United States, pursuant to Title 18, United States Code,

7   Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms

8   and ammunition involved in or used in the offense. Such property includes, but is not

9   limited to:

10      a.    the following firearms and ammunition seized from TYLER

11  JOHNSON on or about June 4, 2024:

12      i.    one Beretta S685 12-gauge shotgun;

13      ii.    one CZ 75 9mm pistol with magazine and 19 rounds of

14      ammunition;

15      iii.    and any associated accessories, magazines, and ammunition.

16  Upon conviction of the offense alleged in Count 22, JUAN CARLOS GARCIA

17  OLAIS and ROSENDO VAZQUEZ MEDRANO shall each forfeit to the United States,

18  pursuant to Title 21, United States Code, Section 853, any property that constitutes or is

19  traceable to proceeds of the offense, as well as any property that facilitated the offense.

20  Such property includes, but is not limited to:

21      a.    approximately $18,433.00 in United States currency seized from

22  JUAN CARLOS GARCIA OLAIS on or about July 7, 2024.

23  Upon conviction of any of the offenses alleged in Counts 23 and 33, JOSE

24  RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS shall each forfeit to the

25  United States, pursuant to Title 21, United States Code, Section 853, any property that

26  constitutes or is traceable to proceeds of the offense, as well as any property that

27  facilitated the offense. Such property includes, but is not limited to:

Indictment - 28
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1          a.          approximately $18,433.00 in United States currency seized from

2    JUAN CARLOS GARCIA OLAIS on or about July 7, 2024.

3          Upon conviction of the offense alleged in Count 24, JUAN CARLOS GARCIA

4    OLAIS shall forfeit to the United States, pursuant to Title 21, United States Code,

5    Section 853, any property that constitutes or is traceable to proceeds of the offense, as

6    well as any property that facilitated the offense.

7          Upon conviction of the offense alleged in Count 26, KARIM DAVIS shall forfeit

8    to the United States, pursuant to Title 21, United States Code, Section 853, any property

9    that constitutes or is traceable to proceeds of the offense, as well as any property that

10    facilitated the offense.

11          Upon conviction of either offense alleged in Counts 27 and 28, KARIM DAVIS

12    shall forfeit to the United States, pursuant to Title 18, United States Code, Section

13    924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and

14    ammunition involved in or used in the offense.

15          Upon conviction of either offense alleged in Counts 29 and 30, ROSARIO ABEL

16    "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS shall each

17    forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

18    property that constitutes or is traceable to proceeds of the offense, as well as any property

19    that facilitated the offense. Such property includes, but is not limited to:

20          a.          one privately made 9mm handgun with magazine and 8 rounds of

21    ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024.

22          Upon conviction of the offense alleged in Count 31, JORGE BONEO NIEBLAS

23    shall forfeit to the United States, pursuant to Title 18, United States Code, Section

24    924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and

25    //

26    //

27    //

1  ammunition involved in or used in the offense. Such property includes, but is not limited

2  to:

3          a.      one privately made 9mm handgun with magazine and 8 rounds of

4  ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024.

5        Upon conviction of the offense alleged in Count 32, ALEX PHAN shall forfeit to

6  the United States, pursuant to Title 21, United States Code, Section 853, any property that

7  constitutes or is traceable to proceeds of the offense, as well as any property that

8  facilitated the offense.

9        Upon conviction of the offense alleged in Count 36, JOSE RUBEN MEJIA

10  ORTIZ and KEVIN ALEXANDER MISACANGO SOLANO shall each forfeit to the

11  United States, pursuant to Title 21, United States Code, Section 853, any property that

12  constitutes or is traceable to proceeds of the offense, as well as any property that

13  facilitated the offense.

14        Upon conviction of the offense alleged in Count 37, ISABEL VILLARREAL

15  ZAPIEN shall forfeit to the United States, pursuant to Title 18, United States Code,

16  Section 982(a)(1), any property involved in, or traceable to property involved in, the

17  offense.

18  //

19  //

20  //

21

22

23

24

25

26

27

Indictment - 30
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   **Substitute Assets.** If any of the above-described forfeitable property, as a result of

2   any act or omission of the defendants,

3         a.    cannot be located upon the exercise of due diligence;

4         b.    has been transferred or sold to, or deposited with, a third party;

5         c.    has been placed beyond the jurisdiction of the Court;

6         d.    has been substantially diminished in value; or

7         e.    has been commingled with other property which cannot be divided

8              without difficulty,

9   it is the intent of the United States to seek the forfeiture of any other property of the

10  defendants, up to the value of the above-described forfeitable property, pursuant to

11  Title 21, United States Code, Section 853(p).

12

13  A TRUE BILL: *yes*

14  DATED:  25 June 2025

15  *Signature of Foreperson redacted pursuant*
    *to the policy of the Judicial Conference of*
16  *the United States.*

17  _____

18  FOREPERSON

19  _____
    TEAL LUTHY MILLER
    Acting United States Attorney

20

21  _____
    VINCENT T. LOMBARDI
22  Assistant United States Attorney

23  _____
    MAX B. SHINER
24  Assistant United States Attorney

25

26  _____
    CRYSTAL CORREA
27  Assistant United States Attorney

Indictment - 31
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800