Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington

**September 3, 2025**

RAVI SUBRAMANIAN, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS,
2. FRANCISCO "FERNANDO" CAMARGO BANUELOS,
3. JOSE RUBEN MEJIA ORTIZ,
4. JUAN CARLOS GARCIA OLAIS,
5. JORGE BONEO NIEBLAS,
6. IVAN GARCIA CAMACHO,
7. EDER RAMIREZ PINO,
8. ROSENDO VAZQUEZ MEDRANO,
10. ISABEL VILLARREAL ZAPIEN,
11. KEVIN ALEXANDER MISACANGO SOLANO,
12. KARIM DAVIS,
13. TYLER JOHNSON,
14. ISRAEL DAVIS,
15. ALEX PHAN,
16. DEREL GABELEIN,
17. AARON KNAPP,

NO. CR25-5166 DGE

**FIRST SUPERSEDING INDICTMENT**

First Superseding Indictment - 1
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

18. JOHN HARDMAN, and

19. LEVI FRANK GRAHAM,

           Defendants.

The Grand Jury charges that:

## COUNT 1

### (Conspiracy to Distribute Controlled Substances)

Beginning at a time unknown, and continuing until at least August 4, 2025, in Pierce, King, Snohomish, Lewis, and Island Counties, within the Western District of Washington, and elsewhere, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS, JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO VAZQUEZ MEDRANO, ISABEL VILLARREAL ZAPIEN, KEVIN ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON, ISRAEL DAVIS, ALEX PHAN, DEREL GABELEIN, AARON KNAPP, JOHN HARDMAN, LEVI FRANK GRAHAM, and others known and unknown, did knowingly and intentionally conspire to distribute controlled substances, including: methamphetamine, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), heroin, and cocaine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS, JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO VAZQUEZ MEDRANO, ISABEL VILLARREAL ZAPIEN, KEVIN ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON, ISRAEL DAVIS,

First Superseding Indictment - 2
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    ALEX PHAN, DEREL GABELEIN, AARON KNAPP, JOHN HARDMAN, and LEVI

2    FRANK GRAHAM, their conduct as members of the conspiracy charged in Count 1,

3    which includes the reasonably foreseeable conduct of other members of the conspiracy

4    charged in Count 1, involved 50 grams or more of methamphetamine, its salts, isomers,

5    or salts of its isomers, and 500 grams or more of a mixture or substance containing a

6    detectable amount of methamphetamine, in violation of Title 21, United States Code,

7    Section 841(b)(1)(A).

8         The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

9    CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

10   JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO

11   NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO, ROSENDO

12   VAZQUEZ MEDRANO, ISABEL VILLARREAL ZAPIEN, KEVIN ALEXANDER

13   MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON, ISRAEL DAVIS,

14   ALEX PHAN, DEREL GABELEIN, AARON KNAPP, and JOHN HARDMAN, their

15   conduct as members of the conspiracy charged in Count 1, which includes the reasonably

16   foreseeable conduct of other members of the conspiracy charged in Count 1, involved

17   400 grams or more of a mixture and substance containing a detectable amount of

18   fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

19        The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN"

20   CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS,

21   JOSE RUBEN MEJIA ORTIZ, JORGE BONEO NIEBLAS, and ISABEL

22   VILLARREAL ZAPIEN, and JOHN HARDMAN, their conduct as members of the

23   conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of

24   other members of the conspiracy charged in Count 1, involved 1,000 grams or more of a

25   mixture or substance containing a detectable amount of heroin, in violation of Title 21,

26   United States Code, Section 841(b)(1)(A).

27   //

The Grand Jury further alleges that with respect to ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO BANUELOS, JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS, JORGE BONEO NIEBLAS, ROSENDO VAZQUEZ MEDRANO, KARIM DAVIS, AARON KNAPP, and JOHN HARDMAN, their conduct as members of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved 5,000 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

## COUNT 2

### (Possession of a Controlled Substance with Intent to Distribute)

On or about March 8, 2023, in King County, within the Western District of Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, fentanyl, cocaine, and heroin, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that the office involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that the office involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers.

First Superseding Indictment - 4
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (B).

## COUNT 3

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 8, 2023, in King County, within the Western District of Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS knowingly possessed a firearm, that is: a Sig Sauer 9mm pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 2 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

### (Unlawful Possession of a Firearm)

On or about March 8, 2023, in King County, within the Western District of Washington, FRANCISCO "FERNANDO" CAMARGO BANUELOS, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Sig Sauer 9mm pistol, that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5).

//

//

First Superseding Indictment - 5
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 5

### (Distribution of a Controlled Substance)

On or about October 17, 2023, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 6

### (Distribution of a Controlled Substance)

On or about October 26, 2023, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

First Superseding Indictment - 6
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   The Grand Jury further alleges that this offense was committed during and in

2   furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

3   Substances).

4   All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

5   and Title 18, United States Code, Section 2.

6   ## COUNT 7

7   **(Distribution of a Controlled Substance)**

8   On or about October 27, 2023, in King County, within the Western District of

9   Washington, ISABEL VILLARREAL ZAPIEN, did knowingly and intentionally

10  distribute controlled substances, including: methamphetamine and fentanyl, substances

11  controlled under Title 21, United States Code.

12  The Grand Jury further alleges that the offense involved 50 grams or more of

13  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

14  mixture or substance containing a detectable amount of methamphetamine, its salts,

15  isomers, or salts of its isomers.

16  The Grand Jury further alleges that this offense involved 400 grams or more of a

17  mixture or substance containing a detectable amount of fentanyl.

18  The Grand Jury further alleges that this offense was committed during and in

19  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

20  Substances).

21  All in violation of Title 21, United States Code, Sections 841(a)(1) and

22  841(b)(1)(A).

23  ## COUNT 8

24  **(Possession of a Controlled Substance with Intent to Distribute)**

25  On or about December 11, 2023, in Lewis County, within the Western District of

26  Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JOSE

27  RUBEN MEJIA ORTIZ did knowingly and intentionally possess, with the intent to

First Superseding Indictment - 7
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: methamphetamine and cocaine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that the office involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B), and Title 18, United States Code, Section 2.

## COUNT 9

**(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)**

On or about December 11, 2023, in Lewis County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ knowingly carried a firearm, that is: a Glock 27 .40 caliber pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 10

**(Distribution of a Controlled Substance)**

On or about January 9, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ did knowingly and intentionally distribute a

First Superseding Indictment - 8
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 controlled substance, including: methamphetamine, a substance controlled under Title 21,

2 United States Code.

3    The Grand Jury further alleges that the offense involved 50 grams or more of

4 methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

5 mixture or substance containing a detectable amount of methamphetamine, its salts,

6 isomers, or salts of its isomers.

7    The Grand Jury further alleges that this offense was committed during and in

8 furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

9 Substances).

10    All in violation of Title 21, United States Code, Sections 841(a)(1) and

11 841(b)(1)(A).

12                          <u>**COUNT 11**</u>

13                  **(Distribution of a Controlled Substance)**

14    On or about January 28, 2024, in Thurston County, within the Western District of

15 Washington, ISABEL VILLARREAL ZAPIEN did knowingly and intentionally

16 distribute a controlled substance, including: methamphetamine, fentanyl, and heroin,

17 substances controlled under Title 21, United States Code.

18    The Grand Jury further alleges that the offense involved 50 grams or more of

19 methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

20 mixture or substance containing a detectable amount of methamphetamine, its salts,

21 isomers, or salts of its isomers.

22    The Grand Jury further alleges that this offense involved 400 grams or more of a

23 mixture or substance containing a detectable amount of fentanyl.

24    The Grand Jury further alleges that this offense involved 100 grams or more of a

25 mixture or substance containing a detectable amount of heroin.

26 //

27 //

First Superseding Indictment - 9
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B).

## COUNT 12

**(Possession of a Controlled Substance with Intent to Distribute)**

On or about January 28, 2024, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, fentanyl, and heroin, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (B).

//

//

First Superseding Indictment - 10
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 13

### (Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about January 28, 2024, in Pierce County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ knowingly carried a firearm, that is: a Smith & Wesson 9mm pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 12 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 14

### (Distribution of a Controlled Substance)

On or about February 28, 2024, in Snohomish County within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine and fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and (B), and Title 18, United States Code, Section 2.

//

//

First Superseding Indictment - 11
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 15

### (Distribution of a Controlled Substance)

On or about April 4, 2024, in Pierce County, within the Western District of Washington, IVAN GARCIA CAMACHO and EDER RAMIREZ PINO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 16

### (Possession of a Controlled Substance with Intent to Distribute)

On or about April 4, 2024, in Pierce County, within the Western District of Washington, IVAN GARCIA CAMACHO and EDER RAMIREZ PINO did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

First Superseding Indictment - 12
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 17

### (Distribution of a Controlled Substance)

On or about May 7, 2024, in Snohomish County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: heroin, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 18

### (Possession of a Controlled Substance with Intent to Distribute - Vehicle)

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine and fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

First Superseding Indictment - 13
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 19

**(Possession of a Controlled Substance with Intent to Distribute - Residence)**

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: fentanyl, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 20

**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON knowingly possessed firearms, that is: a Springfield Armory XD5 9mm pistol, a CZ 75 9mm pistol, and a Beretta 12-gauge shotgun, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as

First Superseding Indictment - 14
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

alleged in Count 1 above, and Possession of Controlled Substances with Intent to Distribute, as alleged in Count 19 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 21

### (Unlawful Possession of a Firearm)

On or about June 4, 2024, in King County, within the Western District of Washington, TYLER JOHNSON, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year: *Second Degree Burglary*, in Snohomish County Superior Court, under case number 15-1-01843-9, on or about February 23, 2017; did knowingly possess, in and affecting interstate and foreign commerce, firearms, that is: a Springfield Armory XD5 9mm pistol, a CZ 75 9mm pistol, and a Beretta 12-gauge shotgun that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 22

### (Distribution of a Controlled Substance)

On or about June 18, 2024, in Snohomish County, within the Western District of Washington, JUAN CARLOS GARCIA OLAIS and ROSENDO VAZQUEZ MEDRANO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

//

//

First Superseding Indictment - 15
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 23

### (Distribution of a Controlled Substance)

On or about June 20, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 24

### (Possession of a Controlled Substance with Intent to Distribute)

On or about July 7, 2024, in Snohomish County, within the Western District of Washington, JUAN CARLOS GARCIA OLAIS did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, fentanyl, and cocaine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

First Superseding Indictment - 16
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), (B), and (C).

<u>COUNT 25</u>

**(Distribution of a Controlled Substance)**

On or about July 19, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

//

//

First Superseding Indictment - 17
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 26

### (Possession of a Controlled Substance with Intent to Distribute)

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 27

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS knowingly possessed a firearm, that is: a Glock 27 .40 caliber pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of Controlled Substances with Intent to Distribute, as alleged in Count 26 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

//

//

First Superseding Indictment - 18
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 28

### (Unlawful Possession of a Firearm)

On or about August 23, 2024, in Snohomish County, within the Western District of Washington, KARIM DAVIS, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

1.    *Second Degree Theft*, in Snohomish County Superior Court, under case number 05-1-00716-2, on or about July 12, 2005;

2.    *First Degree Malicious Mischief*, in Snohomish County Superior Court, under case number 04-1-02607-0, on or about July 12, 2005;

3.    *Second Degree Assault,* in Snohomish County Superior Court, under case number 95-1-01582-9, on or about April 12, 1996;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Glock 27 .40 caliber pistol.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 29

### (Possession of a Controlled Substance with Intent to Distribute - Vehicle)

On or about September 14, 2024, in King County, within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

//

//

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT 30**

**(Possession of a Controlled Substance with Intent to Distribute - Residence)**

On or about September 14, 2024, in King County, within the Western District of Washington, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS did knowingly and intentionally possess, with the intent to distribute, and aid, abet, counsel, command, induce, and procure the possession of, with intent to distribute, a controlled substance, including: fentanyl and methamphetamine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

//

//

First Superseding Indictment - 20
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## COUNT 31

**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

On or about September 14, 2024, in King County, within the Western District of Washington, JORGE BONEO NIEBLAS knowingly carried a firearm, that is: a polymer 9mm pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and Possession of a Controlled Substance with Intent to Distribute, as alleged in Count 29 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 32

**(Possession of a Controlled Substance with Intent to Distribute)**

On or about October 30, 2024, in Snohomish County, within the Western District of Washington, ALEX PHAN did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: fentanyl and methamphetamine, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

//

//

First Superseding Indictment - 21
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1

## COUNT 33

### (Distribution of a Controlled Substance)

On or about December 3, 2024, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 34

### (Distribution of a Controlled Substance)

On or about March 3, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: heroin, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 100 grams or more of a mixture or substance containing a detectable amount of heroin.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

//

First Superseding Indictment - 22
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B),

2  and Title 18, United States Code, Section 2.

### COUNT 35

**(Distribution of a Controlled Substance)**

On or about March 28, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

### COUNT 36

**(Distribution of a Controlled Substance)**

On or about April 10, 2025, in King County, within the Western District of Washington, JOSE RUBEN MEJIA ORTIZ and KEVIN ALEXANDER MISACANGO SOLANO did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure the distribution of, a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

//

//

First Superseding Indictment - 23
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 37

### (Possession of a Controlled Substance with Intent to Distribute)

On or about September 11, 2024, in King County, within the Western District of Washington, LEVI FRANK GRAHAM did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 38

### (Distribution of a Controlled Substance)

On or about May 15, 2025, in Snohomish County, within the Western District of Washington, ROSENDO VAZQUEZ MEDRANO did knowingly and intentionally distribute a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

//

First Superseding Indictment - 24
United States v. Camargo Banuelos, et al.
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 39

### (Attempted Distribution of a Controlled Substance)

On or about August 3, 2025, in Snohomish County, within the Western District of Washington, ROSENDO VAZQUEZ MEDRANO did knowingly and intentionally attempt to distribute a controlled substance, including: fentanyl, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and 846.

## COUNT 40

### (Possession of a Controlled Substance with Intent to Distribute)

On or about August 4, 2025, in King County, within the Western District of Washington, KEVIN ALEXANDER MISACANGO SOLANO did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine, a substance controlled under Title 21, United States Code.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

//

First Superseding Indictment - 25
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  mixture or substance containing a detectable amount of methamphetamine, its salts,

2  isomers, or salts of its isomers.

3      The Grand Jury further alleges that this offense was committed during and in

4  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

5  Substances).

6      All in violation of Title 21, United States Code, Sections 841(a)(1) and

7  841(b)(1)(A).

8                          **COUNT 41**

9            **(Possession of Controlled Substances with Intent to Distribute)**

10     On or about August 4, 2025, in King County, within the Western District of

11  Washington, ISRAEL DAVIS did knowingly and intentionally possess, with the intent to

12  distribute, controlled substances, including: fentanyl and heroin, substances controlled

13  under Title 21, United States Code.

14     The Grand Jury further alleges that this offense involved 400 grams or more of a

15  mixture or substance containing a detectable amount of fentanyl.

16     The Grand Jury further alleges that this offense was committed during and in

17  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

18  Substances).

19     All in violation of Title 21, United States Code, Sections 841(a)(1) and

20  841(b)(1)(A) and (C).

21                          **COUNT 42**

22         **(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

23     On or about August 4, 2024, in King County, within the Western District of

24  Washington, ISRAEL DAVIS knowingly possessed a firearm, that is: a Glock model 43

25  9mm pistol, in furtherance of a drug trafficking crime for which the defendant may be

26  prosecuted in a court of the United States, that is: Conspiracy to Distribute Controlled

27  //

1   Substances, as alleged in Count 1 above, and Possession of Controlled Substances with

2   Intent to Distribute, as alleged in Count 41 above.

3       All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 43

5   **(Possession of Controlled Substances with Intent to Distribute)**

6       On or about August 4, 2025, in Island County, within the Western District of

7   Washington, DEREL GABELEIN did knowingly and intentionally possess, with the

8   intent to distribute, controlled substances, including: methamphetamine and fentanyl,

9   substances controlled under Title 21, United States Code.

10      The Grand Jury further alleges that the offense involved 50 grams or more of

11  methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a

12  mixture or substance containing a detectable amount of methamphetamine, its salts,

13  isomers, or salts of its isomers.

14      The Grand Jury further alleges that this offense involved 400 grams or more of a

15  mixture or substance containing a detectable amount of fentanyl.

16      The Grand Jury further alleges that this offense was committed during and in

17  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

18  Substances).

19      All in violation of Title 21, United States Code, Sections 841(a)(1) and

20  841(b)(1)(A).

## COUNT 44

22  **(Possession of Controlled Substances with Intent to Distribute)**

23      On or about August 4, 2025, in Snohomish County, within the Western District of

24  Washington, AARON KNAPP did knowingly and intentionally possess, with the intent

25  to distribute, controlled substances, including: fentanyl, cocaine, and methamphetamine,

26  substances controlled under Title 21, United States Code.

27  //

First Superseding Indictment - 27
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    The Grand Jury further alleges that this offense involved 400 grams or more of a

2  mixture or substance containing a detectable amount of fentanyl.

3    The Grand Jury further alleges that the offense involved 500 grams or more of

4  cocaine, its salts, optical and geometric isomers, or salts of isomers.

5    The Grand Jury further alleges that the offense involved 50 grams or more of

6  methamphetamine, its salts, isomers, or salts of its isomers.

7    The Grand Jury further alleges that this offense was committed during and in

8  furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled

9  Substances).

10    All in violation of Title 21, United States Code, Sections 841(a)(1) and

11  841(b)(1)(A) and (B).

12  ## COUNT 45

13  **(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

14    On or about August 4, 2025, in Snohomish County, within the Western District of

15  Washington, AARON KNAPP knowingly possessed firearms, that is: an HK 9mm pistol

16  and a Glock model 42 .380 caliber pistol, in furtherance of a drug trafficking crime for

17  which the defendant may be prosecuted in a court of the United States, that is:

18  Conspiracy to Distribute Controlled Substances, as alleged in Count 1 above, and

19  Possession of Controlled Substances with Intent to Distribute, as alleged in Count 44

20  above.

21    All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

22  ## COUNT 46

23  **(Unlawful Possession of a Firearm)**

24    On or about August 4, 2025, in Snohomish County, within the Western District of

25  Washington, AARON KNAPP, knowing he had been convicted of the following crimes

26  punishable by a term of imprisonment exceeding one year:

27

First Superseding Indictment - 28
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1.    *Possession of Methamphetamine with Intent to Distribute*, in United States District Court for the Western District of Washington, under case number CR14-347TSZ, on or about June 25, 2015;

2.    *Attempting to Elude a Police Vehicle*, in King County Superior Court, under case number 10-1-02304-2, on or about May 17, 2010;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: an HK 9mm pistol and a Glock model 42 380 caliber pistol.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 47

### (Possession of Controlled Substances with Intent to Distribute)

On or about August 4, 2025, in King County, within the Western District of Washington, JOHN HARDMAN did knowingly and intentionally possess, with the intent to distribute, controlled substances, including: fentanyl, methamphetamine, and heroin, substances controlled under Title 21, United States Code.

The Grand Jury further alleges that this offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

The Grand Jury further alleges that the offense involved 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and (C).

## COUNT 48

### (Conspiracy to Commit Money Laundering)

Beginning at a time unknown, and continuing until at least January 28, 2024, in Thurston County, within the Western District of Washington, and elsewhere, ISABEL

First Superseding Indictment - 29
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  VILLARREAL ZAPIEN did knowingly combine, conspire, and agree with other persons

2  known and unknown to commit offenses against the United States in violation of Title

3  18, United States Code, Section 1956, to wit:

4          a.      To knowingly conduct and attempt to conduct financial transactions

5  affecting interstate commerce and foreign commerce, which transactions involved the

6  proceeds of specified unlawful activity, that is, the distribution of, and conspiracy to

7  distribute controlled substances in violation of Title 21, United State Code, Sections

8  841(a)(1) and 846, knowing that the property involved in the financial transactions

9  represented the proceeds of some form of unlawful activity, and knowing that the

10  transactions were designed in whole or in part:

11          (i)      to conceal and disguise the nature, the location, the source,

12  the ownership, and the control of the proceeds of the specified unlawful activity, in

13  violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

14          (ii)      to avoid a transaction reporting requirement under State or

15  Federal Law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

16          b.      To transport, transmit, and transfer, and attempt to transport,

17  transmit, and transfer, monetary instruments and funds involving the proceeds of

18  specified unlawful activity, that is, the distribution of, and conspiracy to distribute

19  controlled substances in violation of Title 21, United State Code, Sections 841(a)(1) and

20  846, from a place within the United States to or through a place outside the United States,

21  knowing that the funds involved in the transportation, transmission, and transfer

22  represented the proceeds of some form of unlawful activity and knowing that such

23  transportation, transmission, and transfer was designed in whole or in part:

24          (i)      to conceal and disguise the nature, the location, the source,

25  the ownership, and the control of the proceeds of the specified unlawful activity, in

26  violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

27  //

First Superseding Indictment - 30
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1            (ii)    to avoid a transaction reporting requirement under State or

2    Federal Law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

3          All in violation of Title 18, United States Code, Section 1956(h).

4    **<u>FORFEITURE ALLEGATIONS</u>**

5          The allegations contained in Counts 1–48 of this Indictment are hereby realleged

6    and incorporated by reference for the purpose of alleging forfeiture.

7          Upon conviction of the offense alleged in Count 1, ROSARIO ABEL

8    "JOAQUIN" CAMARGO BANUELOS, FRANCISCO "FERNANDO" CAMARGO

9    BANUELOS, JOSE RUBEN MEJIA ORTIZ, JUAN CARLOS GARCIA OLAIS,

10   JORGE BONEO NIEBLAS, IVAN GARCIA CAMACHO, EDER RAMIREZ PINO,

11   ROSENDO VAZQUEZ MEDRANO, ISABEL VILLARREAL ZAPIEN, KEVIN

12   ALEXANDER MISACANGO SOLANO, KARIM DAVIS, TYLER JOHNSON,

13   ISRAEL DAVIS, ALEX PHAN, DEREL GABELEIN, AARON KNAPP, JOHN

14   HARDMAN, and LEVI FRANK GRAHAM shall each forfeit to the United States,

15   pursuant to Title 21, United States Code, Section 853, any property that constitutes or is

16   traceable to proceeds of the offense, as well as any property that facilitated the offense.

17   Such property includes, but is not limited to:

18         a.    approximately $26,990.00 in United States currency seized from

19   JOSE RUBEN MEJIA ORTIZ on or about December 11, 2023;

20         b.    approximately $26,317.00 in United States currency seized from

21   TYLER JOHNSON on or about June 4, 2024;

22         c.    approximately $5,720.00 in United States currency seized from

23   TYLER JOHNSON on or about June 4, 2024;

24         d.    approximately $18,433.00 in United States currency seized from

25   JUAN CARLOS GARCIA OLAIS on or about July 7, 2024;

26         e.    approximately $141,310.00 in United States currency seized from

27   ISRAEL DAVIS's residence on or about August 4, 2025;

First Superseding Indictment - 31
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1         f.         approximately $3,700.00 in United States currency seized from a

2 vehicle located at ISRAEL DAVIS's residence on or about August 4, 2025;

3         g.         approximately $93,486.00 in United States currency seized from

4 DEREL GABELEIN's residence on or about August 4, 2025;

5         h.         approximately $14,775.00 in United States currency seized from

6 AARON KNAPP's residence on or about August 4, 2025;

7         i.         approximately $58,015.00 in United States currency seized from

8 JOHN HARDMAN's residence on or about August 4, 2025;

9         j.         the following firearms and ammunition seized from TYLER

10 JOHNSON on or about June 4, 2024:

11         i.         one Beretta S685 12-gauge shotgun;

12         ii.         one CZ 75 9mm Pistol with magazine and 19 rounds of

13         ammunition;

14         iii.         one Ruger LCP .380 Caliber Pistol with magazine and 6

15         rounds of ammunition;

16         iv.         one Taurus G2C 9mm Pistol with magazine and 12 rounds of

17         ammunition; and

18         v.         any associated accessories, magazines, and ammunition;

19         k.         one privately made 9mm handgun with magazine and 8 rounds of

20 ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024;

21         l.         the following firearms and ammunition seized from TYLER

22 JOHNSON on or about June 4, 2024:

23         i.         one Beretta S685 12-gauge shotgun;

24         ii.         one CZ 75 9mm Pistol with magazine and 19 rounds of

25         ammunition;

26         iii.         one Ruger LCP .380 Caliber Pistol with magazine and 6

27         rounds of ammunition;

First Superseding Indictment - 32
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

           iv.     one Taurus G2C 9mm Pistol with magazine and 12 rounds of ammunition; and

           v.     any associated accessories, magazines, and ammunition; and

    m.     two Mauser 22 .22 caliber rifles seized from DEREL GABELEIN's residence on or about August 4, 2025; and

    n.     the following firearms seized from AARON KNAPP's residence on or about August 4, 2025:

           i.     one Glock model 42 .380 caliber pistol;

           ii.     one HK 9mm pistol; and

           iii.     any associated ammunition.

Upon conviction of the offense alleged in Count 2, FRANCISCO "FERNANDO" CAMARGO BANUELOS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 3 and 4, FRANCISCO "FERNANDO" CAMARGO BANUELOS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the offense.

Upon conviction of either offense alleged in Counts 5 and 6, JOSE RUBEN MEJIA ORTIZ and IVAN GARCIA CAMACHO shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of either offense alleged in Counts 7 and 11, ISABEL VILLARREAL ZAPIEN shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

//

First Superseding Indictment - 33
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    Upon conviction of the offense alleged in Count 8, ROSARIO ABEL

2  "JOAQUIN" CAMARGO BANUELOS and JOSE RUBEN MEJIA ORTIZ shall each

3  forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

4  property that constitutes or is traceable to proceeds of the offense, as well as any property

5  that facilitated the offense.

6    Upon conviction of either offense alleged in Counts 10 and 12, JOSE RUBEN

7  MEJIA ORTIZ shall forfeit to the United States, pursuant to Title 21, United States Code,

8  Section 853, any property that constitutes or is traceable to proceeds of the offense, as

9  well as any property that facilitated the offense.

10    Upon conviction of either offense alleged in Counts 9 and 13, JOSE RUBEN

11  MEJIA ORTIZ shall forfeit to the United States, pursuant to Title 18, United States Code,

12  Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms

13  and ammunition involved in or used in the offense.

14    Upon conviction of the offense alleged in Count 14, ROSARIO ABEL

15  "JOAQUIN" CAMARGO BANUELOS shall each forfeit to the United States, pursuant

16  to Title 21, United States Code, Section 853, any property that constitutes or is traceable

17  to proceeds of the offense, as well as any property that facilitated the offense.

18    Upon conviction of either offense alleged in Counts 15 and 16, IVAN GARCIA

19  CAMACHO and EDER RAMIREZ PINO shall forfeit to the United States, pursuant to

20  Title 21, United States Code, Section 853, any property that constitutes or is traceable to

21  proceeds of the offense, as well as any property that facilitated the offense.

22    Upon conviction of any of the offenses alleged in Counts 17, 25, 34, and 35, JOSE

23  RUBEN MEJIA ORTIZ and JORGE BONEO NIEBLAS shall each forfeit to the United

24  States, pursuant to Title 21, United States Code, Section 853, any property that

25  constitutes or is traceable to proceeds of the offense, as well as any property that

26  facilitated the offense.

27  //

First Superseding Indictment - 34
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    Upon conviction of either offense alleged in Counts 18 and 19, TYLER

2  JOHNSON shall forfeit to the United States, pursuant to Title 21, United States Code,

3  Section 853, any property that constitutes or is traceable to proceeds of the offense, as

4  well as any property that facilitated the offense. Such property includes, but is not limited

5  to:

6        a.      the following firearms and ammunition seized from TYLER

7  JOHNSON on or about June 4, 2024:

8              i.      one Beretta S685 12-gauge shotgun;

9              ii.     one CZ 75 9mm pistol with magazine and 19 rounds of

10                     ammunition;

11             iii.    one Ruger LCP .380 caliber pistol with magazine and 6

12                     rounds of ammunition;

13             iv.     one Taurus G2C 9mm pistol with magazine and 12 rounds of

14                     ammunition;

15             v.      and any associated accessories, magazines, and ammunition.

16    Upon conviction of either offense alleged in Counts 20 and 21, TYLER

17  JOHNSON shall forfeit to the United States, pursuant to Title 18, United States Code,

18  Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms

19  and ammunition involved in or used in the offense. Such property includes, but is not

20  limited to:

21        a.      the following firearms and ammunition seized from TYLER

22  JOHNSON on or about June 4, 2024:

23             i.      one Beretta S685 12-gauge shotgun;

24             ii.     one CZ 75 9mm pistol with magazine and 19 rounds of

25                     ammunition;

26             iii.    and any associated accessories, magazines, and ammunition.

27  //

First Superseding Indictment - 35
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    Upon conviction of the offense alleged in Count 22, JUAN CARLOS GARCIA

2    OLAIS and ROSENDO VAZQUEZ MEDRANO shall each forfeit to the United States,

3    pursuant to Title 21, United States Code, Section 853, any property that constitutes or is

4    traceable to proceeds of the offense, as well as any property that facilitated the offense.

5    Such property includes, but is not limited to:

6    a.    approximately $18,433.00 in United States currency seized from

7    JUAN CARLOS GARCIA OLAIS on or about July 7, 2024.

8    Upon conviction of any of the offenses alleged in Counts 23 and 33, JOSE

9    RUBEN MEJIA ORTIZ and JUAN CARLOS GARCIA OLAIS shall each forfeit to the

10   United States, pursuant to Title 21, United States Code, Section 853, any property that

11   constitutes or is traceable to proceeds of the offense, as well as any property that

12   facilitated the offense. Such property includes, but is not limited to:

13   a.    approximately $18,433.00 in United States currency seized from

14   JUAN CARLOS GARCIA OLAIS on or about July 7, 2024.

15   Upon conviction of the offense alleged in Count 24, JUAN CARLOS GARCIA

16   OLAIS shall forfeit to the United States, pursuant to Title 21, United States Code,

17   Section 853, any property that constitutes or is traceable to proceeds of the offense, as

18   well as any property that facilitated the offense.

19   Upon conviction of the offense alleged in Count 26, KARIM DAVIS shall forfeit

20   to the United States, pursuant to Title 21, United States Code, Section 853, any property

21   that constitutes or is traceable to proceeds of the offense, as well as any property that

22   facilitated the offense.

23   Upon conviction of either offense alleged in Counts 27 and 28, KARIM DAVIS

24   shall forfeit to the United States, pursuant to Title 18, United States Code, Section

25   924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and

26   ammunition involved in or used in the offense.

27   //

First Superseding Indictment - 36
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Upon conviction of either offense alleged in Counts 29 and 30, ROSARIO ABEL "JOAQUIN" CAMARGO BANUELOS and JORGE BONEO NIEBLAS shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense. Such property includes, but is not limited to:

   a.  one privately made 9mm handgun with magazine and 8 rounds of ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024.

Upon conviction of the offense alleged in Count 31, JORGE BONEO NIEBLAS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the offense. Such property includes, but is not limited to:

   a.  one privately made 9mm handgun with magazine and 8 rounds of ammunition, seized from JORGE BONEO NIEBLAS on or about September 13, 2024.

Upon conviction of the offense alleged in Count 32, ALEX PHAN shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of the offense alleged in Count 36, JOSE RUBEN MEJIA ORTIZ and KEVIN ALEXANDER MISACANGO SOLANO shall each forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

Upon conviction of the offense alleged in Count 37, LEVI FRANK GRAHAM shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property that constitutes or is traceable to proceeds of the offense, as well as any property that facilitated the offense.

First Superseding Indictment - 37
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1     Upon conviction of either offense alleged in Counts 38 and 39, ROSENDO

2  VAZQUEZ MEDRANO shall forfeit to the United States, pursuant to Title 21, United

3  States Code, Section 853, any property that constitutes or is traceable to proceeds of the

4  offense, as well as any property that facilitated the offense.

5     Upon conviction of the offense alleged in Count 40, KEVIN ALEXANDER

6  MISACANGO SOLANO shall forfeit to the United States, pursuant to Title 21, United

7  States Code, Section 853, any property that constitutes or is traceable to proceeds of the

8  offense, as well as any property that facilitated the offense.

9     Upon conviction of the offense alleged in Count 41, ISRAEL DAVIS shall forfeit

10  to the United States, pursuant to Title 21, United States Code, Section 853, any property

11  that constitutes or is traceable to proceeds of the offense, as well as any property that

12  facilitated the offense. Such property includes, but is not limited to:

13        a.    one Glock model 43 9mm pistol; and

14        b.    any associated ammunition.

15     Upon conviction of the offense alleged in Count 42, ISRAEL DAVIS shall forfeit

16  to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way

17  of Title 28, United States Code, Section 2461(c), any firearms and ammunition involved

18  in or used in the offense. Such property includes, but is not limited to:

19        a.    one Glock model 43 9mm pistol; and

20        b.    any associated ammunition.

21     Upon conviction of the offense alleged in Count 43, DEREL GABELEIN shall

22  forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

23  property that constitutes or is traceable to proceeds of the offense, as well as any property

24  that facilitated the offense.

25     Upon conviction of the offense alleged in Count 44, AARON KNAPP shall forfeit

26  to the United States, pursuant to Title 21, United States Code, Section 853, any property

27  that constitutes or is traceable to proceeds of the offense, as well as any property that

First Superseding Indictment - 38
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  facilitated the offense. Such property includes, but is not limited to, the following

2  firearms seized from AARON KNAPP's residence on or about August 4, 2025:

3        a.    one Glock model 42 .380 caliber pistol;

4        b.    one HK 9mm pistol; and

5        c.    any associated ammunition.

6       Upon conviction of either offense alleged in Counts 45 and 46, AARON KNAPP

7  shall forfeit to the United States, pursuant to Title 18, United States Code, Section

8  924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms and

9  ammunition involved in or used in the offense. Such property includes, but is not limited

10  to, the following firearms seized from AARON KNAPP's residence on or about August

11  4, 2025:

12        a.    one Glock model 42 .380 caliber pistol;

13        b.    one HK 9mm pistol; and

14        c.    any associated ammunition.

15       Upon conviction of the offense alleged in Count 47, JOHN HARDMAN shall

16  forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

17  property that constitutes or is traceable to proceeds of the offense, as well as any property

18  that facilitated the offense.

19       Upon conviction of the offense alleged in Count 48, ISABEL VILLARREAL

20  ZAPIEN shall forfeit to the United States, pursuant to Title 18, United States Code,

21  Section 982(a)(1), any property involved in, or traceable to property involved in, the

22  offense.

23  //

24  //

25  //

26

27

First Superseding Indictment - 39
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    **Substitute Assets.** If any of the above-described forfeitable property, as a result of

2    any act or omission of the defendants,

3             a.     cannot be located upon the exercise of due diligence;

4             b.     has been transferred or sold to, or deposited with, a third party;

5             c.     has been placed beyond the jurisdiction of the Court;

6             d.     has been substantially diminished in value; or

7             e.     has been commingled with other property which cannot be divided

8                      without difficulty,

9    it is the intent of the United States to seek the forfeiture of any other property of the

10   defendants, up to the value of the above-described forfeitable property, pursuant to

11   Title 21, United States Code, Section 853(p).

12

13                       A TRUE BILL:

14                       DATED:

15                       *Signature of Foreperson redacted pursuant*

16                       *to the policy of the Judicial Conference of*
                         *the United States.*

17                       _____

18                       FOREPERSON

19   TEAL LUTHY MILLER
     Acting United States Attorney

20

21   VINCENT T. LOMBARDI

22   Assistant United States Attorney

23   MAX B. SHINER

24   Assistant United States Attorney

25   CRYSTAL CORREA

26   Assistant United States Attorney

27

First Superseding Indictment - 40
*United States v. Camargo Banuelos, et al.*
USAO No. 2022R01047 / CR25-5166 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800